Stephen W. Bourn
vs.                    } Eq. No. 7333
Bourn Rubber Company

Claim of Augustus L. Bour, Jr.

November 22, 1926

TANNER, P. J. This matter is heard upon exceptions to the Master's report disallowing the claim of Augustus L. Bour, Jr.

We think the finding that the sum of $150 a month covered the whole of the claimant's services on the air patent should not be sustained.

We think the finding that such services as were not paid for by the $150 a month was because said services were rendered upon a contingency which did not occur should not be sustained.

We can not think that the statement of Governor Bourn, when asked for money by the claimant, to the effect that he would pay him when circumstances permitted amounts to a contract that the claimant should be paid only upon the happening of such

contingency. It is nothing more than what ordinarily happens when a debtor is asked for payment by a creditor who promises to pay at some future time when he is able to do so. This was merely the debtor's excuse for not paying rather than his contract that the claim should be void except upon the happening of the contingency. Most debtors would be glad to change their absolute obligation into such a contingency.

We think, therefore, that the claimant's estimate of the value of his services as $20,000 for a period of more than six years is fair and reasonable. In addition to this sum he is entitled to $1200, which we understand is the amount of notes given for the monthly payments of $150 which remain unpaid. From these amounts of $2,112.00, we think, however, that the payments of $150 monthly over substantially the same period of time should be deducted, leaving a balance of $9,650 which we allow. The claimant testifies that a considerable portion of this $150 a month was used for expenses. He, however, did not see fit to keep any account whatever of expenses and to attempt to allow them would be a mere guess. He must, therefore, suffer the consequences of not having kept any account of the expenses.

Interest can not be allowed upon such a running account.

"As a general rule interest is not allowed on running accounts so long as they remain open and unliquidated unless there is some statutory provision that permits it or some contract between the parties, express or implied, that interest shall be paid, or unless there is some custom or usage to that effect."

33 C. J. Page 207, Sec. 67, No. 9.

"In an action on an open account for attorney's fees the plaintiff can not recover interest prior to judgment."

(33 C. J. Page 208 Note c.).

We sustain all the exceptions of the claimant except the sixteenth and seventeenth. We do not think that testimony was necessary to explain the situation referred to in the claimant's letter asking for leave to introduce evidence.

John P. Beagan, for claimant.

John S. Dale, Eliot G. Parkhurst, Edwards and Angell, for receiver.